IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DEWAYNE SPAULDING, | : |
| Plaintiff, | : |
| VS. | : |
| | : No. 7:17-cv-00172-HL-TQL |
| JAMES E. HARDY, | : |
| Defendant. | : |

### ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Dewayne Spaulding, an inmate confined at the Wheeler Correctional Facility in Alamo, Georgia, filed the above-captioned case seeking declaratory and injunctive relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Inmate Account Statement, ECF No. 3.

After due consideration, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court finds, however, that Plaintiff's complaint fails to state a non-frivolous claim for relief. The complaint is thus **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915A(b).

I. **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize the commencement a civil action,

without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is thus **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said

institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to continue making monthly payments to the **CLERK** toward the balance due until said amount has been paid in full. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so.

## II. Authority & Standard for Preliminary Screening

The Court is now obligated to conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleading are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious,

3

or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*,

4

340 F.3d 1279, 1282-84 (11th Cir. 2003).

### III. Plaintiff's Complaint

In his Complaint, Plaintiff alleges that Lowndes County Superior Court Judge James E. Hardy has failed to rule on Plaintiff's motion for an "out-of-time appeal" for over ten months. Compl. 5, ECF No. 1. Plaintiff seeks only monetary damages as relief in this action. *Id.* at 6. As a state judge, however, Judge Hardy is absolutely immune from monetary liability for judicial acts, "even when such acts are in excess of [his] jurisdiction and are alleged to have been done maliciously or corruptly." *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, even if Plaintiff had sought an order compelling Judge Hardy to act on his motion, his Complaint would be subject to dismissal. In particular, while Georgia law provides that a judge's failure to timely rule on motions may result in a writ of mandamus, *see Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006) (per curiam), the federal courts do not have jurisdiction to issue writs of mandamus directing state courts in the performance of their duties where only mandamus relief is sought. *See Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (per curiam).

The Court therefore finds that Plaintiff's claims have no arguable merit, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 20th day of October, 2017.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE